UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK STEVEN WALKER,

    Plaintiff,

v.                                                            Case No. 2:06-cv-216
                                                               HON. R. ALLAN EDGAR

JERRY HOFBAUER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff filed this *pro se* prisoner 42 U.S.C. § 1983 action against MDOC employees at Marquette Branch Prison, where he is currently incarcerated, and at Parnall Correctional Facility, where he was previously confined.  The Defendants from Marquette Branch Prison are: Jerry Hofbauer, Warden; David Guinn, Nurse Practitioner; Sandra Shuker, Registered Nurse (R.N.); Dan Wronski, R.N.; Christine Cheneworth, R.N.; and Larry Hill, Healthcare Unit Manager.  Defendants from Parnall Correctional Facility are: Harold White, Warden; Krishn Mohan, Medical Doctor; Celeste Fraser, Physician's Assistant; Jeffery James, R.N.; Judy Crisenberry, R.N.; Cathleen Mars, R.N.; Robyn Finch, R.N.; Debra Richardson, R.N.; and Peggy Lee, R.N.  Defendant Mars was never served.  Plaintiff voluntarily dismissed claims against Defendants Hofbauer, Shuker, Wronski, Hill, White, Crisenberry, Finch, and Lee.  Plaintiff seeks compensatory and punitive damages from each of the Defendants in their official capacities, reasonable attorney fees, and/or any other compensatory and punitive monetary relief the "Court feels is fair."  Plaintiff also requests permanent injunctive

relief sufficient to rectify the allegedly unlawful, unconstitutional acts of the Defendants and seeks an order prohibiting Defendants from retaliating against him as a result of this lawsuit.

Plaintiff maintains that he suffers from Chronic Seizure Disorder and other diagnosed mental health problems. In addition, Plaintiff claims that he is suffering from bacterial lung infection due to "black mold" at the Parnall facility. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him with inadequate medical care. Plaintiff claims that Defendants refused to refer him to specialists for his health problems, failed to treat him in a timely manner, forged or altered state documents in a progress note, and left him without blankets after he requested cotton blankets due to his wool allergy. Plaintiff avers that Defendants displayed a pattern of deliberate indifference to his medical and healthcare needs.

Additionally, Plaintiff alleges he was transferred to Marquette Branch Prison in retaliation for filing multiple grievances. Plaintiff claims that Defendants breached their contractual duty and legal obligation to provide him with necessary and appropriate health care and have conspired to intentionally deny him necessary medical care and treatment. As a result, Plaintiff alleges that he has suffered and will continue to suffer irreparable and life threatening injury by being denied medical care.

Presently before the Court is the Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants Guinn, Mohan, and Fraser move to dismiss the complaint, claiming that Plaintiff failed to exhaust his administrative remedies in accordance with MDOC grievance procedure. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v.*

*Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.")

More recently, the United States Supreme Court ruled that an untimely grievance filing fails to satisfy the exhaustion requirement. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Plaintiff James Woodford, a California prisoner, filed a § 1983 action against prison officials challenging restrictions on his participation in several Catholic observances. Approximately six months later, the plaintiff filed a grievance challenging those restrictions. The plaintiff's grievance, however, was rejected as untimely because it was not filed within 15 working days of the action being challenged. *Id.* at 2383-84. The plaintiff appealed the grievance internally without any success and subsequently sued the prison officials in federal district court. The district court granted the defendants' motion to dismiss because the plaintiff failed to exhaust his administrative remedies under § 1997e(a) by filing an untimely grievance. The Ninth Circuit Court of Appeals reversed, holding that the plaintiff had exhausted administrative remedies because no such remedies were available to him. Noting that the Ninth Circuit's decision was consistent with the Sixth Circuit's decision in *Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003), but conflicted with four other circuits, the Supreme Court granted certiorari to address the conflict. *Id.* at 2384. In *Thomas,* 337 F.3d at 733, the Sixth Circuit held that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted his available administrative remedies under

42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements" such as timeliness.

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*" 42 U.S.C. § 1997(e)(a) (emphasis added). The Court evaluated the doctrine of exhaustion under both administrative and habeas law, finding that the PLRA exhaustion requirement requires proper exhaustion. *Woodford,* 126 S. Ct. 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. Efforts by prisoners to circumvent the prison grievance proceedings, *i.e.* by filing a grievance late, and proceeding directly to federal district court, are thereby thwarted. *Id.* at 2388. Accordingly, the Court reversed the decision of the Ninth Circuit, holding that the plaintiff failed to exhaust his administrative remedies because his grievance was untimely. *Id.* at 2393.

In the instant case, Plaintiff failed to properly exhaust his administrative remedies regarding Defendants Guinn, Mohan and Fraser. Although Plaintiff filed multiple grievances, Defendants Mohan, and Fraser were not identified in any of the grievances and Defendant Guinn was not identified until step 3 of the grievance process. Furthermore, Plaintiff failed to provide the substance of his grievances. Plaintiff clearly violated Paragraph T of MDOC Policy Directive 03.02.130 which requires a prisoner's grievance to include: "the facts involving the issues being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." Accordingly, Plaintiff's unexhausted claims

against Guinn, Mohan, and Fraser should be dismissed for failure to comply with MDOC grievance procedure.

Defendants James, Cheneworth, and Richardson request that the Court dismiss this action for Plaintiff's failure to exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007). *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary

judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will be insufficient.

Moreover, where Defendants' claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. Accordingly, because Defendants James, Cheneworth and Richardson have not met their burden of establishing that Plaintiff failed to exhaust his administrative remedies, their motion to dismiss should be denied on the exhaustion issues.

One out of Plaintiff's eleven MDOC grievances attached as part of the record in this case satisfies the exhaustion requirement. In this grievance, Plaintiff alleges that on October 2, 2005, Defendant James refused to see him on an emergency basis for a complaint of neck and back pain and that Defendant James had telephone contact with an officer regarding Plaintiff's complaint about neck and back pain. Plaintiff alleged that Defendant James exhibited deliberate indifference to his serious medical need and claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

As asserted by Defendants, the record does not indicate that Defendant James deliberately disregarded a serious medical need. After Plaintiff submitted a medical kite, Defendant James responded and scheduled an appointment for Plaintiff to be seen. Plaintiff refused to go to the appointment, because he wanted to be seen by someone other than a nurse. After Plaintiff presented himself to Health Care, he was given pain medication, a muscle relaxant, and an x-ray

which revealed no abnormality. Defendant James maintains that he never refused to treat Plaintiff. Additionally, Plaintiff's allegation that Defendant James had telephone contact with an officer where he told the officer that Plaintiff probably had bruised muscles is inconsistent with Defendant inferring that Plaintiff had a serious medical need. In the opinion of the undersigned, Plaintiff has failed to demonstrate the existence of a genuine issue of material fact as to whether Defendant James knew of and disregarded an excessive risk to Plaintiff's health. Therefore, in the opinion of the undersigned, Defendant James is entitled to summary judgment on this Eighth Amendment claim.

In addition, Defendants James, Cheneworth and Richardson claim that they are entitled to Eleventh Amendment immunity because Plaintiff is suing them in their official capacity. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Therefore, the undersigned recommends that Plaintiff's damages claims against Defendants James, Cheneworth and Richardson be dismissed because they are barred by the Eleventh Amendment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motions for Dismissal and Summary Judgment (Docket #7 and #62) be granted and this case be dismissed in its entirety. It is further recommended that Plaintiff's Motion to Dismiss Claims in Part Without Prejudice (Docket #59) and Motion for Sanctions (Docket #71) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   August 8, 2007